NO. 07-00-0128-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 16, 2001



______________________________




ROY DAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;



NO. 3196; HONORABLE JACK D. YOUNG, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

SECOND ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Roy Day was convicted by a jury of the
misdemeanor offense of theft by check and punishment was assessed at 180 days
confinement in the Lamb County Jail. Proceeding on appeal pro se, appellant timely filed
his notice of appeal. Both the clerk's record and reporter's record have been filed. 
Appellant's brief was due to be filed on September 7, 2000. However, on that date,
appellant filed his pro se "Motion for Continuance" claiming he is indigent and desires to
have counsel appointed to represent him on appeal.

 By opinion dated September 11, 2000, this Court abated and remanded this cause
to the trial court to conduct a hearing pursuant to Rule 38.8(b)(2) of the Texas Rules of
Appellate Procedure. After the trial court conducted a hearing, it found that appellant
wished to prosecute his appeal and that he was indigent and entitled to appointed counsel. 
A supplemental clerk's record and a supplemental reporter's record were filed in this Court. 
Mr. Mike Brown was appointed by order of the court to represent appellant on appeal. By
letter dated October 26, 2000, this Court notified Mr. Brown that the appeal had been
reinstated and that appellant's brief was due to be filed thirty days from that date. The
brief remains outstanding and no motion for extension of time has been filed.

 Therefore, we now abate this appeal a second time and remand the cause to the
trial court for further proceedings pursuant to Rule 38.8(b) (2) and (3) of the Texas Rules
of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal;


 2. whether appellant is indigent and entitled to appointed counsel;


 3. whether counsel for appellant has abandoned the appeal; and


 4. whether appellant has been denied effective assistance of counsel 

 given his attorney's failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. In the event the trial court finds that
retained counsel will continue the appeal, the court shall make appropriate orders to
ensure that retained counsel timely files appellant's brief. Finally, the trial court shall
execute findings of fact, conclusions of law, and such orders as the court may enter
regarding the aforementioned issues, and cause its findings and conclusions to be
included in a supplemental clerk's record. A supplemental record of the hearing shall also
be included in the appellate record. Finally, the trial court shall file the supplemental
clerk's record and the supplemental reporter's record with the Clerk of this Court by 
Friday, March 9, 2001.

 It is so ordered.



 Per Curiam




















Do not publish.



ly, the trial court did not abuse its discretion in excluding the evidence, and
we affirm the judgment.


 Per Curiam


Johnson, C.J., not participating.


 
1. Mr. Abraham died before the case was tried.